## Erie City, Appellant *v.* Y. M. C. A. Ass'n.

*Exemption from taxation—Affidavit of defence.*

The Supreme Court will not reverse the action of the court below in refusing to enter judgment for want of a sufficient affidavit of defence to a scire facias sur municipal lien for construction of sewer, where the affidavit alleges facts to bring the defendant within the provisions of the act of May 14, 1874, P. L. 158, exempting from taxation places of religious worship and associations and institutions of learning or charity, founded, endowed and maintained by public or private charity, although the court

may not be satisfied that judgment should not have been entered for want of a sufficient affidavit of defence. The case will be allowed to go to a jury where the facts will be more fully developed.

Submitted on paper books, April 27th, 1892. Appeal, No. 438, Jan. T., 1892, by plaintiff, from judgment of C. P. Erie Co., May T., 1892, No. 118, discharging rule for judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, WILLIAMS, MCCOLLUM and HEYDRICK, JJ.

Rule for judgment for want of a sufficient affidavit of defence on sci. fa. sur municipal lien for construction of sewer.

The affidavit of defence is recited in the opinion of the Supreme Court. The affidavit contains the following additional averments: Defendant " has for a large number of years last past provided upon its said premises a free reading room, public library and free lectures, also regular stated religious worship, all of which are open free to the general public. That persons (not members) taking out books from said library are charged a small fee therefor, but that there is not sufficient funds raised from this source to keep said books properly bound. That the entire amount received for the use of said library, together with all regular membership fees, will amount to less than one third of the running expenses of said corporation, the remainder being made up by voluntary contributions each year."

The act of 1863, P. L. 418, incorporating defendant, was not made a part of the affidavit of defence. Section 1 creates the association by name " a body politic or corporate," with powers of general corporations. Sections 2 and 3 provide for election of officers, etc. Section 4 provides that the objects, officers and rules of said association shall remain as heretofore until changed, superseded or abrogated by the corporation. Section 4 provides exemption from taxation.

*Joseph P. O'Brien* and *F. F. Marshall*, for appellants.— Defendant's charter does not make it a purely public charity. There is nothing to prevent it from diverting its funds or property to any use it may see fit. Thiel College v. Mercer Co., 101 Pa. 530; Phila. v. Women's Christian Ass'n, 125 Pa. 572, and Donohugh's Ap., 86 Pa. 306, rule this case. The test

of a purely public charity is its object as defined in its fundamental law, not what it is doing or proposes to do.

*Henry C. Yard* and *Joseph M. Force*, for appellee.—The affidavit of defence brings the defendant within art. 9, § 1, of the constitution and act of May 14, 1874, P. L. 158, and the rulings in Northampton Co. v. Lafayette College, 128 Pa. 132; Phila. v. Women's Christian Ass'n, 125 Pa. 572, and Donohugh's Ap., 86 Pa. 306.

As to the charter: Under the facts of this case, it is not so material what the Young Men's Christian Association might do, as what it actually does do with its property, and as to its objects and purposes they are a matter of such public notoriety and its work and influence so generally and universally beneficial, that the courts will take notice of it as they would of the general usefulness of a church or religious denomination.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

This scire facias issued on a municipal claim for constructing a sewer in Tenth street, between State and Sassafras streets, city of Erie, the cost of which was assessed, according to the foot front rule, on property fronting on that portion of said Tenth street. Assuming that the proceedings, leading up to the assessment, filing claim, etc., were regular, and that prima facie its property was subject to the lien, defendant association alleges in its affidavit of defence that said property is wholly exempt from taxation and hence not liable to the lien, etc. It was, of course, incumbent on the defendant to present facts from which such non-liability is fairly inferable.

It alleges, 1st, in substance, that it was incorporated by the act of April 14, 1863, which provides, inter alia, "that the property of said corporation shall be exempted from taxation, except for state purposes."

2d. That the land owned by the association, is annexed to its building and necessary for the occupancy and enjoyment of the same; that said building, erected on and nearly covering said land, "is the regular place of stated religious worship of the membership and congregation of the Young Men's Christian Association of Erie, Pa., on every Sabbath day, as well as at other various stated times. That the said land is in actual use and occupation for the purpose aforesaid, and

the various educational and charitable purposes of said association, and was so at the time of construction of the sewer in Tenth street, and for many years prior thereto, and that no income or revenue is or has been derived therefrom."

3d. That said defendant association is "supported by membership fees and other voluntary contributions, a full membership fee being not less than six dollars, and that all subscribers of six dollars and upwards are entitled to the benefits of a gymnasium, bath rooms, library and reading room, in said building; also, said library and reading room is kept open to the public on all week days."

It is further averred, among other things, that defendant issues no stock; that "no pecuniary profits, dividends or salaries are paid to said corporation, its officers or members;" that its objects "are purely of a religious, educational and charitable nature," etc.

Assuming, as we must for the purposes of this appeal, the truth of the facts averred in the affidavit of defence, we are not satisfied that they do not bring the defendant's case within the provisions of the exemption act of 1874, P. L. 158, as construed by this court in City of Erie v. First Universalist Church, 105 Pa. 278, in which it was held that assessment of a city lot, for its proportion of the cost of constructing a sewer in front thereof, was a species of taxation within the meaning of said exemption act: Philadelphia v. Women's Christian Association, 125 Pa. 572, and other cases. While we are not satisfied the court was right in refusing to enter judgment for want of a sufficient affidavit of defence, we think it is advisable that the case should go to trial before a jury where the facts may be more fully developed and passed upon.

Judgment affirmed.