## City of Scranton, Appellant, *v.* Levers.

*Municipal liens—Sewers—Foot front rule—Assessments—Affidavit of defense.*

On a scire facias sur municipal lien for a sewer, an affidavit of defense is sufficient which avers that the claim was made under the Act of May 23, 1889, P. L. 312, by which the assessments are required to be " equal upon all the front feet of the lands along which the sewer runs," but that in fact a large proportion of the land liable to assessment in front of which the sewer ran was not assessed at all, wherefore the assessment on which the claim is founded is illegal and void.

Argued Feb. 25, 1901. Appeal, No. 148, Jan. T., 1900, by

plaintiff, from order of C. P. Lackawanna Co., March T., 1897, No. 368, discharging rule for judgment for want of a sufficient affidavit of defense in case of City of Scranton v. Hannah Levers. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Sciré facias sur municipal lien for a sewer.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows :

" The municipal assessment on which the claim in this case is founded was made without warrant or authority of law, in that the law under which such assessment was made (sec. 1, art. 13 of Act of 1889, P. L. 112), provides that when the cost of local sewers is assessed by the front foot, as was attempted in this case, the assessment shall be equal upon all the front feet of the lands along which such sewer runs. In this case a large proportion of the front feet of the lands along which such sewer runs is not assessed at all. Neither was the assessment made in accordance with the ordinance purporting to authorize the work.

" The amount in controversy in this lien is a double asssessment on defendant's lot, and not needed for defendant's accommodation, but for the sole use and benefit of a lot on the east corner of Lafayette street and Hyde Park Avenue."

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*A. A. Vosburg*, city solicitor, with him *D. J. Davis*, assistant city solicitor, for appellant.

*I. H. Burns*, for appellee.

Opinion by Mr. Justice Mitchell, July 17, 1901 :

The city of Scranton having filed a claim for the expense of a sewer in front of defendant's property, the latter set forth in her affidavit of defense, that the claim was made under the act of 1889 by which the assessments are required to be " equal upon all the front feet of the lands along which the sewer runs,"

but that in fact a large proportion of the land liable to assessment in front of which this sewer runs was not assessed at all, wherefore the assessment on which the claim was founded was illegal and void.   The provision of the act of 1889 is not set forth with verbal accuracy, but with substantial correctness, and as the fact averred as to the omission of assessable property on the line of the sewer must be taken as true upon the rule for judgment, the affidavit set up a sufficient defense.   The court below so held and discharged the rule.   But the learned judge having some views of his own on the subject of foot front assessments, subsequently added a postscript to his opinion in which, referring to Norwood v. Baker, 172 U. S. 269, he expresses the view that the case of Michener v. Philadelphia, 118 Pa. 535 is deprived of its authority and that assessments by the foot front rule without reference to actual benefits in the particular case are unconstitutional.   On this basis the counsel for the city have made an argument in favor of the constitutionality of the rule in general and the provisions of the act of 1889.   It will be time enough to decide those questions when they come regularly before us.   In the present case the affidavit set up a good defense on the facts, and on it judgment was properly refused.

Judgment affirmed and procedendo awarded.