### WESTERN CLINTON COUNTY MUNICIPAL AUTHORITY

v.

### ESTATE OF Charles R. ROSAMILIA, Sr., Charles R. Rosamilia, Jr., Executor, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 2, 2003.

Decided June 6, 2003.

Charles R. Rosamilia, Jr., Lock Haven, for appellant.

Paul J. Ryan, Lock Haven, for appellee.

BEFORE: COLINS, President Judge, SIMPSON, Judge (P), MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

The Estate of Charles R. Rosamilia (Estate) appeals from the order of the Court of Common Pleas of Clinton County (trial court) that entered judgment in favor of the Western Clinton County Municipal Authority (Authority) and directed the Estate to pay municipal liens for want of sufficient affidavit of defense under Section 19 of the Pennsylvania Municipal Claims and Tax Liens Act (Municipal Claims and Liens Act).[1] For the reasons stated below, we vacate and discharge the rule for judgment.

The Authority filed four municipal liens pursuant to the Municipal Claims and Liens Act. Thereafter, on January 14, 2002, the Authority filed a writ of scire facias seeking to collect from the Estate the unpaid municipal liens for sewer services.[2] The Estate filed identical affidavits of defense for each writ. The Authority then filed a rule for judgment for want of a sufficient affidavit of defense under Section 19 of the Municipal Claims and Liens Act, 53 P.S. § 7271. After a hearing, the trial court made the rule absolute and entered judgment for the Authority on all four liens.

During the hearing, the Estate argued it was improperly billed. Though the Estate used no services at particular times, the Authority still charged rates based upon

---

1. Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7271.

2. The trial court's order of May 29, 2002, listed four liens in the amounts of $10,250.84, $3,434.65, $785.76, and $2,211.92, for a total of $16,683.17.

the historical sewer use of the Estate's property. The Estate's executor testified that one of the Estate's properties receives two water bills. One account is billed for 4 Equivalent Domestic Users (EDUs). The second account is billed at 0 EDUs, but receives a bill due to previously unpaid balances. Hearing Transcript at 6. The Estate's executor stated that the unpaid balances occurred because the Estate's property at that address was historically billed at 7 EDUs. It had two restrooms, two apartments, and a carwash located in the building from 1992 through 1997. The Executor went on to state:

> During that period of time, '94–'97, the building was closed; there was no occupancy in the building; there was no use of the building; no EDU's—or no sewage being generated....The Sewer Authority cannot continue to bill at the rate of seven EDU's for uses that are no longer used. I think the Sewage Authority made that clear when they, sometime in the last few years, agreed to take off the car wash that had been traditionally billed.

Hearing Transcript at 6–7.

In response to the trial court's inquiry into administrative remedies available to a property owner, the Estate's executor replied:

> I don't know that. I have written letters, and I have never gotten any satisfaction. Not that I didn't get a response, but I haven't gotten the satisfaction as to the amendment of

the EDU amounts being charged to the property.

. . .

> I don't know what their procedures are. I thought if there were any appeal rights I would be informed of them, but I was never told I had a right to a hearing.

. . .

> I don't know what appeal remedies there are; I have never been informed of any.

Hearing Transcript at 8.

▮▮▮▮ The trial court determined the Estate made no effort to change the classification of the Estate's property or otherwise advise the Authority of a change in the property's use resulting in reduced sewer use. With regard to the Estate's contention that services were not used, the trial court held that Pennsylvania law does not permit such a defense, citing *Pelton v. Pine Creek Mun. Auth.*, 85 Pa.Cmwlth. 187, 481 A.2d 385 (1984) (sewer rentals must be paid even though landowner not tapped into sewer system). It ordered the Estate to pay the Authority's liens. The Estate appealed.[3]

The Estate raises two issues. First, it argues the trial court denied it due process when it determined it would not consider the issue of sewer charges based on a property's historic sewer use because the Estate did not use its available administrative remedies. Second, the Estate challenges the Authority's right to bill a prop-

---

**3.** In a case brought pursuant to local agency law, where the trial court held a *de novo* hearing, this Court's review is limited to a determination of whether constitutional rights were violated or whether the trial court committed an abuse of discretion or made an error of law. *Otte v. Covington Township Road Supervisors*, 149 Pa.Cmwlth. 467, 613 A.2d 183 (1992), *affirmed* 539 Pa. 44, 650 A.2d 412 (1994). Our review of a trial court decision as to whether a municipal authority's utility rate is reasonable under the Municipality Authorities Act is limited to determining whether factual findings are supported by substantial evidence and whether the law was properly applied to the facts. *Allegheny Ludlum Corp. v. Mun. Auth. of Westmoreland County*, 659 A.2d 20 (Pa.Cmwlth.1995).

erty based on the historic sewer use of that property under the Municipality Authorities Act.[4] After determining that Pennsylvania does not recognize non-use of sewer services as a defense, the trial court did not address the issue.

A writ of scire facias is a writ authorized to be issued as a means of enforcing payment of a municipal claim out of the real estate upon which such claim is a lien. *Black's Law Dictionary* 1208 (5th ed.1979). Technically, it is a judicial mandate which recites the occasion upon which it issues, which directs the sheriff to make known to the parties named in the writ that they must appear before the court on a given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step. *Shapiro v. Center Township, Butler County,* 159 Pa.Cmwlth. 82, 632 A.2d 994 (1993). The object of the writ of scire facias is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution. *Id.*

In Pennsylvania, municipal claim procedure in general and scire facias procedure in particular, is purely statutory. *Id.* Once the municipality files a claim for services, the claim becomes a lien on the property. Section 3(a) of the Municipal Claims and Liens Act, 53 P.S. § 7106(a). If the owner does not dispute the claim and assessment, the owner simply pays and removes the lien. *Shapiro.* To contest the claim or amount of assessment and to force the issue to an original hearing, the owner may file and serve a notice upon the claimant municipality to issue a writ of scire facias. *Id.* In the proceeding

commenced by the writ of scire facias, the owner then files an "affidavit of defense." *Id.* In that affidavit the owner may raise all defenses he or she has to the municipal claim. *Id.; LCN Real Estate, Inc. v. Wyoming,* 117 Pa.Cmwlth. 260, 544 A.2d 1053 (1988).

Alternatively, the municipality may pursue a writ of scire facias without waiting for prompting by the owner, which is what occurred in the present case. *Shapiro.* In response to the writ, the owner may file an affidavit of defense raising all defenses. *Id.*

Contrary to the trial court's position, the existence of a local administrative procedure for contesting sewer bills does not alter the statewide statutory scheme for municipal claims and writs of scire facias. For example, in *Penn Galvanizing Co. v. Philadelphia,* 388 Pa. 370, 130 A.2d 511 (1957), the Supreme Court held a water user could not maintain a bill in equity to contest a city water bill. The Court reasoned the water user enjoyed alternative sufficient remedies of a) appeal to the tax review board and thereafter to the trial court or b) a direct petition the trial court under Section 14 of the Municipal Claims and Liens Act, 53 P.S. § 7182. 388 Pa. at 375–76, 130 A.2d at 514. Thus, a local administrative remedy is a supplement to the statutory municipal claim procedure. Clearly, however, an administrative procedure established by local ordinance does not preempt the statewide municipal claim practice established by uniform statute.

Where a judgment for insufficient affidavit of defense is sought, the averments in the affidavit of defense are taken as true. *Scranton v. Levers,* 200 Pa. 56, 49 A. 980 (1901). The court may not

---

4. The Municipality Authorities Act was repealed and reenacted in the Act of June 19, 2001, P.L. 287, 53 Pa.C.S. §§ 5601–5622.

go outside the case as presented by the pleadings for the purpose of considering extraneous facts, either in support of or against the line of defense disclosed by the affidavit. *Allegheny v. McCaffrey*, 131 Pa. 137, 18 A. 1001 (1890). In this regard, the procedure followed is analogous to a motion for judgment on the pleadings. Pa. R.C.P. 1034.[5] A rule for judgment for insufficient affidavit of defense may be discharged where the appellate court thinks it advisable that the case go to trial so that the facts may be more fully developed and passed upon. *Erie v. YMCA*, 151 Pa. 168, 24 A. 1094 (1892).

Here, in its affidavit of defense the Estate averred that during the times in question no services were actually used. The Estate challenged the Authority's charge for sewer services on the sole basis of the historic sewer use of its property. Under *Shapiro* and *LCN Real Estate, Inc.*, the issue was properly before the trial court. It was not addressed.

We are aware of no authority supporting water or sewer charges based solely on the historic use at a property. To the contrary, this Court affirmed a trial court's reduction of billed water usage for a business from 50 EDUs to 16 EDUs where the business used only 12½ EDUs. *Ridgway Township v. Exotic Metals*, 88 Pa.Cmwlth. 637, 491 A.2d 311 (1985).

 Section 5607(d) of the Municipality Authorities Act requires that a municipality's rates be "reasonable and uniform." 53 Pa.C.S. § 5607(d). This standard mandates that rates be reasonably proportional to the value of the service rendered. *Hamilton's Appeal*, 340 Pa. 17, 16 A.2d 32 (1940); *Township of Kennedy v. Ohio Valley Gen. Hosp.*, 129 Pa.Cmwlth. 494, 566

A.2d 348 (1989) (sewer system rates based strictly upon consumption were equitably proportioned); *Brandywine Homes v. Caln Township Mun. Auth.*, 19 Pa. Cmwlth. 193, 339 A.2d 145 (1975) (was not an abuse of discretion for Township to set a minimum quarterly rate for each private home for that home's use of sewage collection facilities).

In *Central Iron & Steel Co. v. Harrisburg*, 271 Pa. 340, 114 A. 258 (1921), the Supreme Court recognized that a city ordinance may fix a minimum payment for customers who desire to be placed in a "position to take advantage of the service at their convenience, whether actually using the water or not." A city ordinance may also provide for a meter patron who pays only for the "quantity as his needs or convenience may dictate." 271 Pa. at 346, 114 A. at 260. *See also Patton–Ferguson Joint Auth. v. Hawbaker*, 14 Pa.Cmwlth. 402, 322 A.2d 783 (1974) (water rental charges must have a reasonable relation to the value of the service rendered either as actually consumed or as readily available for use).

The "pleadings" here contain no information about the Authority's rates, its water usage classifications, or its fixed or minimum charges. In view of the foregoing, we think it advisable that the case proceed beyond the affidavit of defense so that these facts may be more fully developed and passed upon. *Erie*.

Accordingly, the trial court's judgment is vacated, and the rule for judgment for insufficient affidavit of defense is discharged.

### ORDER

AND NOW, this 6th day of June, 2003, the judgment of the Court of Common

---

5. Because the procedure is analogous to that followed in a motion for judgment on the pleadings, the Authority's contention that the Estate waived any defense by failing to pres-

ent evidence at the hearing lacks merit. Also, the trial court's receipt of sewer bills over the objection of the Estate was erroneous.

Pleas of Clinton County in the above-captioned matter is vacated, and the rule for judgment for insufficient affidavit of defense is discharged.

Jurisdiction is relinquished.