# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bethlehem Area School District | : | |
| | : | |
| v. | : | No. 89 C.D. 2017 |
| | : | Submitted: May 19, 2017 |
| Alvin S. Kanofsky and United | : | |
| States of America | : | |
| | : | |
| Appeal of: Alvin S. Kanofsky | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge[1]
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED: September 12, 2017**

Appellant Alvin S. Kanofsky (Kanofsky), *pro se*, appeals from an order of the Court of Common Pleas of Northampton County (trial court), dated December 21, 2016, which granted Appellee Bethlehem Area School District's (School District) Motion for Judgment for Want of Sufficient Affidavit of Defense (Motion). For the reasons set forth below, we affirm.

Kanofsky is the owner of real property located at 32 East Third Street, Bethlehem, Pennsylvania (Property). On March 28, 2016, the School District filed a tax claim against the Property for the non-payment of 2014/2015 school real estate taxes in the amount of $2,448.36. Thereafter, on April 18, 2016, the School

---

[1] This decision was reached before Judge Hearthway's service with the Court ended on September 1, 2017.

District filed a writ of scire facias,[2] seeking to reduce the tax claim to a judgment against Kanofsky. In response thereto, Kanofsky, who was acting *pro se*, filed a document he entitled: "Brief in Response to [the School District's] Tax Lien" and a "Counter Complaint," which the trial court appears to have treated as Kanofsky's Affidavit of Defense (Affidavit). Subsequently, on October 7, 2016, the School District filed its Motion. The trial court held oral argument on the School District's Motion on November 29, 2016. By order dated December 21, 2016, the trial court granted the School District's Motion. In so doing, the trial court determined that Kanofsky's Affidavit failed to show how the tax claim was inaccurate or otherwise defective. (Trial Ct. Order, Dec. 21, 2016.) The trial court also determined that what is commonly referred to as the Municipal Claims and Tax Liens Act (MCTLA)[3] provided a statutory appeal process and did not authorize the filing of a counter complaint as a defense to a writ of scire facias. (*Id.*) As a result, the trial court did not consider Kanofsky's counter complaint. (*Id.*)

Kanofsky appealed the trial court's order to this Court, and the trial court directed Kanofsky to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (1925(b) statement). On February 13, 2017, Kanofsky filed his 1925(b) statement. Rather than set forth the reasons for his appeal or the alleged errors committed by the trial

---

[2] On September 28, 2016, after discovering that there were federal tax liens filed against Kanofsky and the Property, the School District filed a motion to amend its writ of scire facias, seeking to add the United States of America as a defendant. By order dated September 28, 2016, the trial court granted the motion.

[3] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505.

court, Kanofsky simply referenced and attached statements of errors complained of on appeal that he had filed in previous tax lien appeals. Thus, in its 1925(a) opinion, the trial court concluded that Kanofsky had failed to raise any cognizable claims on appeal and requested that Kanofsky's appeal be dismissed. (Trial Ct. Op., Feb. 14, 2017.)

On appeal, Kanofsky appears to argue that the trial court erred in granting the School District's Motion because he set forth valid defenses to the School District's tax claim in his Affidavit.[4] In response, the School District argues that the trial court properly determined that the School District was entitled to have its tax claim reduced to judgment for want of sufficient affidavit of defense because Kanofsky failed to "raise any issues related to the validity or accuracy of the delinquent taxes" in his Affidavit. (School District's Br. at 7.) The School District argues further that the trial court properly chose not to consider Kanofsky's counter complaint because there was no basis for Kanofsky to include a counter complaint with his Affidavit.[5]

---

[4] In the "Questions Involved" and "Questions Asked" sections of his brief, Kanofsky identifies fourteen issues for consideration by this Court on appeal. The majority of Kanofsky's issues, however, involve matters that are irrelevant and in no way relate to this appeal and/or have no basis in the record. As a result, such issues are not properly before this Court and will not be addressed in this opinion.

[5] The School District also argues that Kanofsky failed to adequately develop any issues for appellate review in his brief to this Court because his brief "consists of a series of vague allegations presented in scattershot fashion that have no relevance to whether he owes [school] real estate taxes on the Property for the year 2014/2015" and his argument "lacks any citation to legal authority, any legal argument, any explanation of how his allegations relate to the issues listed in his (multiple) statements of the questions involved, or any explanation of how the [t]rial [c]ourt erred." (School District's Br. at 5-6.) We disagree. Although Kanofsky's brief sets forth matters that in no way relate to this appeal and/or have no basis in the record, when read as a **(Footnote continued on next page…)**

We need not reach the merits of Kanofsky's argument because the record demonstrates that he failed to properly raise any cognizable issues in his 1925(b) statement. Although not argued by the School District,[6] it is well-settled that this Court may dismiss an appeal *sua sponte* based on an appellant's failure to properly preserve issues for appellate review. *Gibraltar Rock, Inc. v. New Hanover Twp.*, 118 A.3d 461, 464 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 222 (Pa. 2015). When a party wishes to appeal an order of a trial court, the Pennsylvania Rules of Appellate Procedure require that, upon the order of the trial court, an appellant must file a concise statement of errors complained of on appeal. Pa. R.A.P. 1925(b). The appellant's statement must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa. R.A.P. 1925(b)(4)(ii). Failure to do so results in the waiver of any issues not included in the statement. Pa. R.A.P. 1925(b)(4)(vii).

Here, Kanofsky's 1925(b) statement failed to set forth the reasons for his appeal or the alleged errors committed by the trial court. Kanofsky simply referenced and attached statements of errors complained of on appeal that he had filed in previous tax lien appeals, which do not in any way relate to the tax claim that is the subject of this appeal—*i.e.*, the non-payment of the 2014/2015 school

---

**(continued…)**

whole, Kanofsky's brief adequately develops the issue of whether the trial court properly granted the School District's Motion.

[6] As explained more fully in footnote 5 of this opinion, the School District argued that Kanofsky failed to adequately develop any appellate issues in his brief to this Court. The School District's argument in no way related to Kanofsky's 1925(b) statement.

real estate taxes for the Property. Kanofsky has, therefore, failed to identify any cognizable issues in his 1925(b) statement, and, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), all issues are waived for the purposes of this appeal, including whether the trial court erred in granting the School District's Motion.

Even if we did not dismiss Kanofsky's appeal for failure to comply with Pennsylvania Rule of Appellate Procedure 1925(b), Kanofsky's argument that the trial court erred in granting the School District's Motion is without merit. The procedure governing municipal claims in Pennsylvania was previously explained by this Court in *Western Clinton County Municipal Authority v. Estate of Rosamilia*, 826 A.2d 52 (Pa. Cmwlth. 2003):

> [M]unicipal claim procedure in general and scire facias procedure in particular, is purely statutory [and is governed by the MCTLA]. Once the municipality files a claim for services, the claim becomes a lien on the property. If the owner does not dispute the claim and assessment, the owner simply pays and removes the lien. To contest the claim or amount of assessment and to force the issue to an original hearing, the owner may file and serve a notice upon the claimant municipality to issue a writ of scire facias. In the proceeding commenced by the writ of scire facias, the owner then files an "affidavit of defense." In that affidavit the owner may raise all defenses he or she has to the municipal claim.
>
> Alternatively, the municipality may pursue a writ of scire facias without waiting for prompting by the owner, which is what occurred in the present case. In response to the writ, the owner may file an affidavit of defense raising all defenses.
>
> . . . .
>
> Where a judgment for insufficient affidavit of defense is sought, the averments in the affidavit of defense are taken as true. The court may not go outside the case as presented by the pleadings for the purpose of

5

considering extraneous facts, either in support of or against the line of defense disclosed by the affidavit. In this regard, the procedure followed is analogous to a motion for judgment on the pleadings. A rule for judgment for insufficient affidavit of defense may be discharged where the appellate court thinks it advisable that the case go to trial so that the facts may be more fully developed and passed upon.

*Estate of Rosamilia*, 826 A.2d at 56-57 (citations omitted). Thus, Kanofsky was required to raise any defenses that he had to the School District's tax claim in his Affidavit. Kanofsky did not do so, as his Affidavit does not set forth any facts or allegations regarding the existence, validity, or accuracy of the School District's tax claim. Rather, it appears that Kanofsky used his Affidavit, as well as his brief to this Court, to make excuses for why he has not paid the 2014/2015 school real estate taxes and to complain about other matters. Because Kanofsky has failed to set forth any defense to the School District's tax claim, we cannot conclude that the trial court erred in granting the School District's Motion.[7]

For all of the above stated reasons, we affirm the trial court's order.

P. KEVIN BROBSON, Judge

---

[7] The trial court also properly chose not to consider Kanofsky's counter complaint as the MCTLA provides a purely statutory mechanism to challenge a municipal claim and the Pennsylvania Rules of Civil Procedure do not apply to any such proceedings. *See Shapiro v. Ctr. Twp., Butler Cnty.,* 632 A.2d 994, 999 (Pa. Cmwlth. 1993), *appeal denied*, 642 A.2d 488 (Pa. 1994).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bethlehem Area School District      :
      :
      v.                  :    No. 89 C.D. 2017
      :
Alvin S. Kanofsky and United      :
States of America      :
      :
Appeal of:  Alvin S. Kanofsky      :

## **O R D E R**

AND NOW, this 12th day of September, 2017, the order of the Court of Common Pleas of Northampton County is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge