IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of Homestead | : | |
| | : | |
| v. | : | No. 1138 C.D. 2023 |
| | : | Submitted: July 5, 2024 |
| Gary D. Graham, Executor of | : | |
| the Estate of Robert B. Graham, | : | |
| Appellant | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE LEAVITT                    FILED:  October 10, 2024

Gary D. Graham (Graham), Executor of the Estate of Robert B. Graham, *pro se*, appeals an order of the Court of Common Pleas of Allegheny County (trial court) entering judgment in favor of the Borough of Homestead (Borough) on its claim for unpaid property taxes under the statute commonly known as the Municipal Claims and Tax Liens Act (MCTLA or 1923 Act).[1]  On appeal, Graham argues that he was denied due process and that the Borough did not comply with the MCTLA.  For the following reasons, we vacate the judgment and direct the trial court to discharge the rule to show cause.

Robert B. Graham (Decedent) is the record title owner of commercial property located at 1617 West Street, Homestead, Pennsylvania (Property).  On

---

[1] Chapter 25, "Municipal Claims and Tax Liens," of Title 53 of Purdon's Statutes, 53 P.S. §§7101-7455, is commonly known as the Municipal Claims and Tax Liens Act (MCTLA).  The MCTLA is the title assigned to Westlaw's collection of related statutes into Chapter 25, which begins with the Act of May 16, 1923, P.L. 207.  Westlaw has made the Act of September 23, 1959, P.L. 955 (1959 statute), a part of Chapter 25.

August 31, 2021, the Borough initiated an *in rem* proceeding against the Property by filing a Writ of *Scire Facias Sur* Tax Lien to reduce to judgment the amount of delinquent taxes owed on the Property for tax years 2008-2013 and 2015-2017. On November 9, the Borough served the writ on Graham by mail.[2] On November 28, 2022, Graham, as executor of Decedent's estate, filed a one-page answer, wherein he demanded proof that the estate owed real property taxes for the years 2008-2013 and 2015-2017. O.R., Item No. 7.

On February 2, 2023, the Borough filed a petition for rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense submitted pursuant to Section 19 of the MCTLA, 53 P.S. §7271.[3] The petition asserted that the answer filed by Graham did not state a defense or claim the taxes had been paid. O.R., Item No. 8. The rule was scheduled for presentation to the trial court. On February 28, 2023, Graham appeared for presentation of the rule and requested additional time to locate evidence that the tax debt had been satisfied. The Borough agreed. The trial court directed Graham to answer the rule within 20 days and rescheduled argument on the rule for April 25, 2023. Graham did not answer the rule. Instead, on April 25, 2023, he filed a praecipe for a writ of *scire facias ad disprobandum debitum*, alleging that the Property's taxes had been satisfied. O.R., Item No. 10. When Graham appeared at argument of April 25, 2023, without evidence that the taxes had been paid, the trial court granted a postponement. It

[2] After the sheriff was unable to effect personal service of the writ of *scire facias*, the Borough filed a motion for alternate service, which the trial court granted. The certificate of mailing is dated November 9, 2022. Original Record (O.R.), Item No. 6.

[3] It states, in pertinent part:

> If an affidavit of defense be filed, a rule may be taken for judgment for want of sufficient affidavit of defense, or for so much of the claim as is insufficiently denied, with leave to proceed for the residue.

Section 19 of the 1923 Act, 53 P.S. §7271.

rescheduled argument on the rule to show cause for June 26, 2023, stating that "[n]o further postponement shall be granted." O.R., Item No. 11.

On June 26, 2023, Graham appeared before the trial court at the rescheduled argument on the rule and requested one year to provide proof that the taxes had been paid, given the gap in the tax years in question and the age of the tax claims. The trial court advised Graham that because he had not filed an affidavit of defense, the court could not consider the request. The trial court instructed Graham to file the affidavit of defense no later than July 5, 2023.

On July 5, 2023, Graham filed an affidavit of defense. It stated that "[a]ll debts, [t]axes, and claims against the estate have been paid." Affidavit, 7/5/2023, ¶5; O.R., Item No. 13. Graham did not attach documentation to the affidavit to support this claim. The affidavit also raised the defenses of laches, *res judicata*, and estoppel. The trial court did not schedule an argument or an evidentiary hearing on the affidavit. Instead, on July 17, 2023, the trial court entered judgment for the Borough and against the Property in the amount of $24,271.84.

After Graham appealed to this Court, the trial court ordered Graham to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement, PA.R.A.P. 1925(b), which he did. In his 1925(b) statement, Graham raised the following issues: (1) he was not provided an evidentiary hearing on his affidavit of defense, (2) all taxes owed on the Property had been paid, (3) he should have been provided the time needed to produce evidence that the taxes had been paid, and (4) the Borough was estopped, pursuant to the doctrine of laches and the statute of limitations, from taking action to pursue tax claims more than four years after the taxes were allegedly due.

In its 1925(a) opinion, the trial court stated that Graham's affidavit of defense was insufficient. It explained that a property owner has 15 days from the

3

service of the writ of *scire facias* to file an affidavit of defense. *See* Section 14 of the MCTLA, 53 P.S. §7182.[4] The trial court addressed the defenses raised in Graham's affidavit.

As to the claim that the debts had been paid, the trial court explained that Graham offered no documentation to support that claim. Graham requested and was granted an additional two months to locate such documentation, but he did not do so. Likewise, no such documentation was presented at the June 26, 2023, hearing.

As to the defense of laches, the trial court explained that in an *in rem* proceeding, municipal liens may be filed any time after the debt has come due. Further, the affidavit of defense did not explain how Decedent's estate was prejudiced by the passage of time. Likewise, the affidavit did not plead facts to support the asserted *res judicata* or estoppel defenses.

Finally, as to Graham's claim that he was denied due process, the trial court explained that Graham was given ample opportunity to prove payment of taxes, but he did not do so. The court needed evidence, not speculation.

On appeal,[5] Graham raises three issues. First, he argues that he was denied due process because he was not properly served with notice of the Borough's

---

[4] It states, in pertinent part:

> Any defendant named in the claim, or any person allowed to intervene and defend thereagainst, may, at any stage of the proceedings, present his petition, under oath or affirmation, setting forth that he has a defense in whole or in part thereto, and of what it consists; and praying that a rule be granted upon the claimant to file an affidavit of the amount claimed by him, and to show cause why the petitioner should not have leave to pay money into court; and, in the case of a municipal claim, to enter security in lieu of the claim; whereupon a rule shall be granted as prayed for.

Section 14 of MCTLA, 53 P.S. §7182.

[5] In reviewing a trial court's order on the sufficiency of an affidavit of defense filed in response to a writ of *scire facias sur* tax claim and statement, this Court determines whether the trial court

tax claims. Second, he argues that the trial court erred in concluding that he failed to raise sufficient defenses in his affidavit of defense. Third, he argues that the trial court erred in holding that there is no time limit on a municipality to file a lien to recover unpaid taxes.

"A municipal lien is a charge, claim or encumbrance on the property placed to secure the payment of a debt[.]" *North Coventry Township v. Tripodi*, 64 A.3d 1128, 1132 (Pa. Cmwlth. 2013). "A municipal lien arises by operation of law whenever a municipal claim is lawfully assessed or imposed upon the property." *Id*. A municipality may enforce payment of a municipal claim by filing a writ of *scire facias*.[6] *See* Section 17 of the MCTLA, 53 P.S. §7185 ("The claim shall be sued by writ of *scire facias*[.]"). A *scire facias* proceeding is an action *in rem* that serves to warn the owner of the existence of a claim so that he may make any defenses known and show cause why the property should not be subjected to a municipal lien. *North Coventry Township*, 64 A.3d at 1133. Under the MCTLA, "[t]he assessment and imposition of the lien occur without any form of hearing." *Shapiro*, 632 A.2d at 997.

---

abused its discretion or committed an error of law, or whether constitutional rights were violated. *Valley Forge Sewer Authority v. Hipwell*, 121 A.3d 1164, 1167 n.4 (Pa. Cmwlth. 2015).

[6] A writ of *scire facias* is a mandate to the sheriff, which recites the occasion upon which it issues, and directs the sheriff to make

> known to the parties named in the writ that they must appear before the court on a given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step, usually to have advantage of a public record. *The object of the writ of scire facias is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution.*

> The writ of scire facias serves the dual purposes of a summons and a complaint, and a writ of scire facias is personal process, but the detailed requirements of a pleading are not applied to the writ of scire facias.

*Shapiro v. Center Township, Butler County*, 632 A.2d 994, 997 n.3 (Pa. Cmwlth. 1993) (quoting 18 STANDARD PENNSYLVANIA PRACTICE 2d §102:10 (1983)) (emphasis added).

In response, the owner may file an affidavit of defense wherein he identifies all defenses that he has to the municipal claim. *Id*.

In his first issue, Graham argues that he was not properly notified that there were unpaid taxes owed on the Property. "[A] lien on real property constitutes a deprivation of property[.]" *City of Philadelphia v. Perfetti*, 119 A.3d 396, 401 (Pa. Cmwlth. 2015). As such, the owner is entitled to due process, including notice and the opportunity to be heard. *Id*. Here, there is no dispute that Graham was served with the Borough's writ of *scire facias* by United States mail delivery, which was authorized by court order. Likewise, there is no dispute that Graham had the opportunity to file an affidavit of defense and to be heard at the June 26, 2023, hearing on the Borough's petition for a rule to show cause.

Graham notes that the trial court identified Decedent as being his father, when in fact Decedent was Graham's brother. Graham Brief at 8. In a *scire facias* municipal claim, "the property [] owes the debt[,] [] not the property owner." *Borough of Walnutport v. Dennis*, 13 A.3d 541, 549 (Pa. Cmwlth. 2010). "Individuals are party defendants in the sense that they are required to show cause why their land shall not be bound by the lien of the municipal claim." *Id*. "In this sense, a *scire facias* municipal claim may be brought against any person found in possession of the property as well as against any person who may have an interest in the property, as owner." *Id*. The familial relationship between Graham and Decedent is irrelevant. In his capacity as executor, Graham has an interest in Decedent's Property, and this interest was recognized by the Borough. Because service of the writ of *scire facias* by mail was authorized, he received the notice required by due process. He also received notice of the argument on the rule to show

6

cause.[7] We reject his due process argument at least with respect to notice of the writ of *scire facias*.

In his second issue, Graham argues that the trial court erred in concluding that his affidavit of defense was insufficient, thereby rendering an evidentiary hearing unnecessary. "Where a judgment for insufficient affidavit of defense is sought, the averments in the affidavit of defense are taken as true." *Borough of Bellevue v. Mortimer* (Pa. Cmwlth., No. 51 C.D. 2017, filed June 7, 2018) (unreported),[8] slip op. at 8 (quoting *Western Clinton County Municipal Authority v. Estate of Rosamilia*, 826 A.2d 52, 56 (Pa. Cmwlth. 2003)). The trial court may not consider facts in support of, or contrary to, the defenses set forth in the affidavit. *Estate of Rosamila*, 826 A.2d at 56-57. "In this regard, the procedure followed is analogous to a motion for judgment on the pleadings." *Id*. at 57.

Section 20 of the MCTLA provides that "[t]ax claims and municipal claims shall be *prima facie* evidence of the facts averred therein[.]" 53 P.S. §7187. The averments in a municipal claim constitute conclusive evidence except where they have been specifically denied by an owner's affidavit of defense. *Id.* "The owner, as the defendant in a *scire facias* proceeding, bears the burden of overcoming the municipality's *prima facie* case by presenting sufficient evidence that the claims are erroneous." *Warwick Township Water and Sewer Authority v. Warwick Realty Company, L.P.*, 176 A.3d 387, 394 (Pa. Cmwlth. 2017) (*Warwick*). An "affidavit of defense to a *scire facias sur* municipal lien claim must be certain and definite." *Penn Hills School District v. Saunders* (Pa. Cmwlth., No. 449 C.D. 2019, filed February

---

[7] However, the trial court did not conduct an evidentiary hearing on the merits of the affidavit of defense, which is the other component of due process.

[8] An unreported decision is not binding precedent but can be considered by the Court for its persuasive value. 210 Pa. Code §69.414(a).

18, 2020) (unreported), slip op. at 8 (quoting *Borough of Fairview v. Property Located at Tax Index No. 48-67-4*, 453 A.2d 728, 730 n.3 (Pa. Cmwlth. 1982)). "The trial court, as factfinder, may believe all, part or none of the evidence presented." *Warwick*, 176 A.3d at 394.

Here, the Borough's petition for rule to show cause was based upon a lack of a sufficient affidavit of defense. Specifically, it asserted that Graham's answer to the writ of *scire facias* did not "state or aver any defense to [the Borough's] claim," and the answer did not state "the taxes [were] paid or provide any proof that the taxes in the claim [were] paid." Rule to Show Cause ¶¶6-7; O.R., Item No. 8.

A rule to show cause is an *ex parte* proceeding that directs an adverse party to show cause why an action should not be taken. *Petition of Tax Claim Bureau of Westmoreland County*, 613 A.2d 634, 638 (Pa. Cmwlth. 1992). "The rule's effect is prospective, permitting the adverse party to contest the rule after a court enters the rule." *Commonwealth ex rel. Zimmerman v. Auto Mart, Inc.*, 910 A.2d 171, 176 (Pa. Cmwlth. 2006). "After the parties are given notice and opportunity to be heard, the court may discharge the rule or make it absolute, depending largely on the particular facts of the case." *Id*.

At the argument of June 26, 2023, the trial court instructed Graham to file an affidavit of defense, if he wished to do so, by July 5, 2023. Graham did so, denying that the estate owed any taxes. He averred that "[a]ll debts, [t]axes, and claims against the estate have been paid." Affidavit ¶5; O.R., Item No. 13. Additionally, he raised the defenses of laches, *res judicata*, and estoppel. Affidavit ¶¶9-11; O.R., Item No. 13. Our Court has stated that "[p]roper defenses to the writ include actual payment of taxes, a defective claim or lien, fraud, or lack of process or notice." *Valley Forge Sewer Authority*, 121 A.3d at 1166 n.3.

8

By filing an affidavit of defense, wherein proper defenses to the writ of *scire facias* were raised, Graham showed cause why the trial court should not enter judgment against him. Thus, the trial court should have discharged the rule. Instead, the trial court addressed the sufficiency of the affidavit of defense without conducting an evidentiary hearing on the affidavit's defenses. This was error. *See Estate of Rosamilia*, 826 A.2d at 57 ("A rule for judgment for insufficient affidavit of defense may be discharged where the appellate court thinks it advisable that the case go to trial so that the facts may be more fully developed and passed upon."). Accordingly, the judgment of the trial court must be vacated, and the rule for judgment for insufficient affidavit of defense must be discharged.

Lastly, Graham argues that the trial court erred in determining that a municipality is under no time limit to file a claim to recover unpaid taxes. The MCTLA provides that municipal claims "shall be filed on or before the last day of the third calendar year after that in which the taxes or rates are first payable[.]" Section 9 of the MCTLA, 53 P.S. §7143. This would defeat the Borough's claim for unpaid taxes because it filed its writ in 2021, more than three years after the last tax year of 2017.

In 1959, a statute was enacted to relieve the municipality of this three-year deadline, except as to intervening rights and interests. *See* Section 1 of the 1959 statute, 53 P.S. §7432.[9] This Court has explained that notwithstanding the three-year

---

[9] The 1959 statute states:

> Whenever, heretofore or hereafter, any . . . borough . . . has failed to file in the office of the prothonotary of the county, any tax claim or municipal claim assessed against any property within the time limit required by law for such filing, whereby the lien of such tax or municipal claim is lost; . . . then, in any such case heretofore or hereafter occurring, any such . . . borough . . . may, *at any time* after the effective date of this act, file such tax or municipal claim, . . . and such claim or judgment so

9

deadline in Section 9 of the MCTLA, Section 1 of the 1959 statute permits charges to be filed "at anytime."  53 P.S. §7432.  Nevertheless, liens filed outside the three-year deadline cannot be effected where there has been a change in ownership of the property after the three-year deadline has passed.  *See Sanft v. Borough of West Grove*, 437 A.2d 1332, 1334 (Pa. Cmwlth. 1981).

Here, there has been no evidentiary hearing on the affidavit of defense. If Decedent can be shown to be the sole owner of the Property since at least 2008, before the first year of any of the Borough's tax claims, there would be no change in ownership that would render the Borough's tax lien untimely.  The hearing on the affidavit of defense should address this issue.

For the foregoing reasons, the trial court's judgment is vacated, and the matter is remanded to the trial court with instructions to discharge the rule to show cause.  This leaves the affidavit of defense pending with the trial court, as well as Graham's request for additional time to gather the documentation of the claim that all taxes on the Property have been paid for the years 2008-2013 and 2015-2017.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

entered or revived shall be a valid claim or judgment and be a lien upon the real estate upon which it was a lien at the time the claim was filed or the judgment was entered . . . .  *Provided, That the lien of any such claim or judgment shall not reattach against any real estate transferred to any purchaser before such claim is filed or during the time when the lien of any such tax or municipal claim or judgment was lost*, nor shall the lien of any such claim or judgment impair or affect the priority of the lien of any mortgage or other lien which gained priority because of the failure of the . . . borough . . . to file such claim[.]

Section 1 of the 1959 statute, 53 P.S. §7432 (emphasis added).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Homestead             :
                                 :
            v.                   :        No. 1138 C.D. 2023
                                 :
Gary D. Graham, Executor of      :
the Estate of Robert B. Graham,  :
                    Appellant    :

# **O R D E R**

AND NOW, this 10th day of October, 2024, the judgment of the Court of Common Pleas of Allegheny County entered July 17, 2023, in the above-captioned matter, is VACATED and the matter is REMANDED to the Court of Common Pleas of Allegheny County with instructions to DISCHARGE the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita