IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shui Pui Mark, Jian Lun Mai,        :
Bing Yan Ng and Jian Yong Mai     :
                                           :
            v.                        :
                                           :
Hei Chit Chung, Mei Qiawen,     :   No. 1455 C.D. 2023
               Appellants     :   Argued: October 7, 2025


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: November 18, 2025


Hei Chit Chung (Chung) and Mei Qiawen (Qiawen) (collectively, Appellants) appeal from the Philadelphia County Common Pleas Court's (trial court) orders dated November 6, 2023 (exited November 7, 2023) denying their motion for post-trial relief (Post-Trial Motion) and supplemental motion for post-trial relief (Supplemental Post-Trial Motion).[1]  Appellants present two issues for this Court's

---

[1]    Technically, an "[a]ppeal lies from the judgment entered and not the denial of post-trial motions," [*Crosby v. Dep't of Transp.*, 548 A.2d 281, 283 (Pa. Super. 1988)], and a "verdict [does] not become final for purposes of appeal until properly reduced to and entered as a formal judgment under [Pennsylvania Rule of Civil Procedure] [No.] 227.4." *Crystal Lake Camps v. Alford*, 923 A.2d 482, 488 (Pa. Super. 2007).

*Mitchell v. Milburn*, 199 A.3d 501, 504 n.3 (Pa. Cmwlth. 2018).  "[W]here a trial has taken place and timely post-trial motions have been filed . . . , the appeal period does not begin to run until the trial court has issued a decision on the post-trial motions."  *Oak Tree Condo. Ass'n v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth 2016).  Thus, this Court construes Appellants' Notice of Appeal as a timely appeal from the trial court's July 18, 2023 order entering judgment in favor of Shui Pui Mark, Jian Lun Mai, Bing Yan Ng, and Jian Yong Mai and against Appellants and Hoy Sun Ning Benevolent Association.

review: (1) whether the trial court erred by finding in favor of Shui Pui Mark (Mark), Jian Lun Mai (J.L. Mai), Bing Yan Ng (Ng), and Jian Yong Mai (J.Y. Mai) (collectively, Appellees) and denying post-trial relief when a quorum did not exist at the Hoy Sun Ning Benevolent Association's (Association) November 2022 Board meetings; and (2) whether adequate notice of the Association's November 2022 Board meetings was provided to the Association Board of Directors' (Board) members. After review, this Court affirms.

**Background**

The Association is a Pennsylvania non-profit corporation formed "exclusively for service of Taishan Heritage to provide a community for networking, leisure, and mutual development." Reproduced Record (R.R.) at 120a. On December 26, 2021, the Association held an election for six officers and directors (December 2021 Election). On January 24, 2022, Appellees filed a Complaint to Set Aside Corporate Action, namely, the election of Qiawen as Association Chairman. Appellees alleged therein that the December 2021 Election[2] - organized by Chung (the Association's outgoing Chairman) - was fraudulent because at least 50 unauthorized individuals were permitted to vote in the election.

On January 26, 2022, Appellees filed a motion for preliminary injunction requesting, *inter alia*, that the trial court remove Qiawen as Association Chairman, appoint Mark as interim Association Chairman, and order a new Association election. Following an evidentiary hearing, on June 21, 2022, the trial court issued a preliminary injunction setting aside the December 2021 Election results, ordering that a new election shall be held in accordance with the

---

[2] In the December 2021 Election, Mark and Qiawen were the two candidates for Chairman, Ng was a candidate for Auditor, J.Y. Mai was a candidate for Secretary, Chung was the outgoing Chairman, and J.L. Mai was the outgoing Vice Chairman.

Association's bylaws, and directing that, pending the new election, the Board serving immediately prior to the December 2021 Election continue to serve in their positions.

On November 15, 2022, J.Y. Mai provided notice to the Association's Board that a Board meeting would be held on November 21, 2022, at David's Mai Lai Wah restaurant. Upon convening the Board meeting on November 21, 2022, only eight Board members were present, which did not represent a quorum under the Association's bylaws; therefore, the Board meeting was adjourned until November 28, 2022. At the November 28, 2022 Board meeting, 10 Board members attended - 8 in person and 2 by telephone. During that meeting, the Board unanimously approved a resolution (Resolution) to, *inter alia*, remove Chung from the Board. *See* R.R. at 126a-127a. The Resolution also directed that the election litigation be resolved, therein instructing the Association's counsel to withdraw any and all claims, defenses, and opposition filed on the Association's behalf, and agreeing to hold a new election no later than December 26, 2022, at which only those members that the Board approved as of December 26, 2021, would be permitted to vote. *See* R.R. at 127a.

On February 3, 2023, the Association and Appellees entered into a settlement agreement confirming the Resolution (Settlement Agreement) providing in relevant part:

> 1) The Association agrees to the entry of judgment in favor of [Appellees] on all claims asserted by [Appellees] against the Association in the [December 2021 Election] matter . . . ; and

> 2) The Association agrees to hold a new election at which the only members permitted to vote shall be those approved by the Board as of December 26, 2021, and a list of such members was filed by [Appellees] on the docket of the [l]itigation on March 16, 2022, . . . that were also

3

admitted into evidence during a hearing before the [trial c]ourt[.]

R.R. at 122a.

Thereafter, the trial court held a bench trial on June 27, 2023, to determine the validity of the Board's vote. On July 18, 2023, the trial court entered judgment in Appellees' favor.[3]

On July 24, 2023, Appellants filed their Post-Trial Motion, pursuant to Pennsylvania Rule of Civil Procedure 227.1. Therein, Appellants requested that they be "allowed to supplement the record and offer a rebuttal witness . . . ." R.R. at 140a. Appellants did not request a new trial, but instead limited the requested relief to only provide newly-discovered evidence for the record. On July 27, 2023,

---

[3] The Association was originally a defendant in this action as defendants Chung and Qiawen had purportedly been elected Association officers. Subsequent to the trial court's granting of the preliminary injunction setting aside the December 2021 Election, and the bench trial, the trial court dismissed the Association from the action. Thereafter, the trial court granted the Association's motion to intervene as a plaintiff, because the Board (as restored by the trial court's grant of the preliminary injunction) and the Association opposed Appellants' appeal. With this procedural juxtaposition in mind, Appellees challenge Appellants' standing, asserting that "Appellants are not aggrieved by the [trial court's] order." Appellees' Br. at 13. Appellees reason:

> As to the claims *against* Appellants below, [Appellees] sought their removal as corporate officials. All of the remaining claims were not against the individual defendants - Appellants herein - but against the Association[,] and the Association has not filed an appeal. The effect of the [trial] court's order was to grant a victory to [] Appellants - the settlement of the entire action which, by definition, is the extinguishment of any claims against [] Appellants individually.

Appellees' Br. at 13-14. This Court has explained: "It is well settled that only an aggrieved party may appeal a trial court's decision. To be 'aggrieved,' a party must have been adversely affected by the decision. Generally, a prevailing party is not aggrieved." *City of Phila. v. Leverett*, 324 A.3d 703, 708-09 (Pa. Cmwlth. 2024) (citations omitted). Here, the individual Appellants were *not* victorious. Rather, the individual Appellants were removed from their Association positions as a direct result of the trial court's decision. Thus, this Court concludes they are aggrieved and have standing.

4

Appellants filed their Supplemental Post-Trial Motion challenging the proposed qualifications of eligible voters for the proposed election.

The trial court determined that the proposed new evidence was available at the time of trial and, on November 6, 2023, denied the Post-Trial Motion and Supplemental Post-Trial Motion.[4] Appellants appealed to this Court.[5] On January 4, 2024, the trial court ordered Appellants to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On January 23, 2024, Appellants filed their Rule 1925(b) Statement. On November 4, 2024, the trial court issued its Rule 1925(a) Opinion (Trial Court Opinion).

## Discussion

### Quorum

Appellants first contend that the trial court erred because the Board conducted business at the Association's November 21, 2022 Board meeting despite the lack of a quorum, and there is insufficient evidence to prove that a quorum was present at the November 28, 2022 Board meeting.

The Nonprofit Corporation Law of 1988[6] (Law) guides this Court's analysis. Section 5727(a) of the Law provides:

---

[4] Appellants provide no legal argument or discussion addressing the propriety of the trial court's denial of Appellants' Post-Trial Motion and Supplemental Post-Trial Motion in their brief to this Court. This Court has explained: "When a party's brief, and specifically the argument section of a brief, is bereft of any legal analysis or citation to court decisions relating to the issues an appellant seeks to have an appellate court review, the reviewing court may regard the appellant as having waived his arguments." *Irey v. Dep't of Transp.*, 72 A.3d 762, 770 n.8 (Pa. Cmwlth. 2013). Thus, Appellants have waived those issues.

[5] "This Court's . . . review determines whether the trial court abused its discretion or committed an error of law and whether the trial court's factual findings are supported by substantial evidence." *Szabo v. Dep't of Transp.*, 212 A.3d 1168, 1172 n.3 (Pa. Cmwlth. 2019).

[6] 15 Pa.C.S. §§ 5101-6146.

5

> Unless otherwise provided in the bylaws, a majority of the directors in office of a nonprofit corporation shall be necessary to constitute a quorum for the transaction of business, and the acts of a majority of the directors present and voting at a meeting at which a quorum is present shall be the acts of the board of directors.

15 Pa.C.S. § 5727(a). The Association's bylaws do not designate a minimum Board member requirement necessary to constitute a quorum. However, the record evidence reflects that 18 Board members served the Association on November 21, 2022. *See* R.R. at 87a. Thus, in accordance with Section 5727(a) of the Law, on that date, 10 Association Board members were required to constitute a quorum.

There are two Board meetings at issue - November 21, 2022 and November 28, 2022. The parties do not dispute that a quorum was not present at the November 21, 2022 Board meeting, which the Board continued to November 28, 2022. At issue is whether the Board conducted business on November 21, 2022, or whether such business actually occurred at the Board's November 28, 2022 Board meeting, and whether a quorum was present at the November 28, 2022 Board meeting.

Importantly, the Settlement Agreement executed on February 3, 2023, referenced the Board's settlement approval at "a meeting of the Board . . . , having been duly noticed and convened on **November 21**, **2022**, authorized the settlement of [Appellees'] claims by [the Resolution,]" R.R. at 122a (emphasis added), and the Resolution includes the November 21, 2022 date. However, a signed document dated November 28, 2022, entitled "Notes of the Secretary of the . . . Association" (Secretary Notes) clarified that such Board action occurred on **November 28**, **2022**. R.R. at 125a. The Secretary Notes provided:

> **Whereas**, on November 15, 2022, the undersigned Secretary of [the] Association sent out written notice to its . . . Board [m]embers of a Special Meeting of the Board [m]embers to be held on November 21, 2022;

6

**Whereas**, at the Board meeting of November 21, 2022, only eight (8) Board [m]ember[s] appeared in person and a [q]uorum was not present, the Board meeting was continued to November 28, 2022;

**Whereas**, at the Board meeting of November 28, 2022, a [q]uorum of ten (10) Board members were present, two (2) Board [m]embers by phone and eight (8) Board [m]embers in person; and

**Whereas**, <u>at the Board Meeting of November 28, 2022, the attached ([]Resolution[]) was introduced by the Secretary and unanimously approved and adopted by the Board</u>.

**Now**, **therefore**, **it is Resolved that**:

The attached Resolution of the Board [m]embers of [the] Association is hereby adopted and approved this day.

Date Signed: 11/28/2022[.]

*Id*. (underline emphasis added). Further, J.Y. Mai testified that the Board, in fact, approved the Resolution at the November 28, 2022 Board meeting. *See* R.R. at 80a. Thus, the record evidence supports the trial court's conclusion that the Board approved the Resolution at the November 28, 2022 Board meeting, and not at the adjourned November 21, 2022 Board meeting that lacked a quorum.

Appellants further argue that there is conflicting witness testimony with respect to which individuals were on the telephone during the November 28, 2022 Board meeting.[7] Appellants contend that this inconsistency calls into question

---

[7] Appellants claim:

At the hearing on June 27, 2023, [A]ppellee [J.L.] Mai, testified that one person on the telephone was Jia Hui Ng and the other was [Chen]. [*See* R.R. at 74a]. However, [A]ppellee [J.Y.] Mai, testified that one person on the telephone was Jia Hui Ng but did not specify another telephonic participant. [*See* R.R. at 79a].

Appellants' Br. at 7.

witness credibility and the reliability of testimony regarding the number of Board members present at the November 28, 2022 Board meeting.[8]

> The trial court determined:

> The signed [R]esolution adopted on November 28, 2022, included eight signatures: (i) Zhi Bin Mai; (ii) [J.Y.] Mai; (iii) Zheng Tang Mai; (iv) Pang Mak; (v) [J.L.] Mai; (vi) Yat Ming Mak; (vii) Sai Mak; and (viii) . . . Ng. *See* [R.R. at 125a]. **The credible testimony adduced at trial established that two eligible Board members - Jia Hui Ng and Huan Lin Mai -- participated by telephone for the November 28**, **2022**[] **Board meeting**. *See* [R.R. at 82a].

Trial Ct. Op. at 8 (emphasis added).

---

[8] Appellants assert that at the June 27, 2023 hearing, J.L. Mai testified inconsistently from J.Y. Mai regarding the telephone participants' identities, and the trial court prevented Appellants from cross-examining J.Y. Mai as to that issue by sustaining Appellees' objection. With respect to limiting Appellants' inquiry into the telephone participants' identities, the trial court explained:

> [T]he [trial] court did not err in sustaining the objection regarding the identities of Board members that participated in the November 28, 2022 [Board] meeting by telephone. The trial court sustained the objection because the question of who participated in the Board meeting by telephone was a question that was asked and answered. *See* [R.R. at 82a]. Witnesses [J.L. Mai] and [J.Y. Mai] were each asked on at least two separate occasions the identity of the telephonic participants. Appellants['] counsel twice raised the issue during trial: (i) "Now, the people that are on the phone, their names are not on this [p]age 4 of [Exhibit] P-1, correct?["] [R.R. at 73a]; and (ii) "The two people that were on the telephone, what were their names?" *Id*. at [74a]. Counsel for Appellees likewise addressed the issue during trial and asked[:] "Who were the two people on the phone?" *Id*. at [79a].

Trial Ct. Op. at 14-15. "The scope of cross-examination lies largely within the discretion of the trial court, whose ruling will not be reversed absent a clear abuse of discretion or error of law." *Harris v. Phila. Facilities Mgmt. Corp*., 106 A.3d 183, 189 (Pa. Cmwlth. 2014) (quoting *Commonwealth v. Karenbauer*, 715 A.2d 1086, 1095 (Pa. 1998)). This Court discerns no abuse of discretion or error of law.

Indeed, at the June 27, 2023 bench trial, J.Y. Mai testified:

> Q. At the [Board] meeting of November 28th of 2022[,] there were two people on the line by [tele]phone; correct?
>
> A. Yes.
>
> Q. And you said that one of those persons was Jia Hui Ng; right?
>
> A. Yes.
>
> Q. And the other one was Huan Lin Mai; correct?
>
> A. Yes.

R.R. at 82a.

The trial court declared that it "credited the testimony of the Association's Secretary, [J.Y. Mai], whose function was to keep records of the Association's [B]oard actions[,]" and that "the [trial] court accepted [J.Y. Mai's] testimony that Board members Jia Hui Ng and Huan Lin Mai participated by telephone at the November 28, 2022[ Board] meeting[.]" Trial Ct. Op. at 13-14. "It is within the province of the trial court when acting as fact[-]finder, to weigh conflicting testimony, determine credibility and resolve conflicts in the evidence." *Scott Twp. Sewer & Water Auth. v. Ease Simulation, Inc.*, 2 A.3d 1288, 1291 (Pa. Cmwlth. 2010); *see also Ceramic Art & Culture Inst. v. Berks Cnty. Bd. of Assessment Appeals & Reading Sch. Dist.*, 227 A.3d 46, 65 (Pa. Cmwlth. 2020) ("As fact[-]finder, the trial court is required to evaluate the witnesses, their demeanor and make necessary credibility determinations, which cannot be disturbed on appeal[.]"). Here, the trial court found J.Y. Mai's testimony pertaining to the November 28, 2022 Board meeting participants to be credible. Accordingly, record evidence supports the trial court's conclusion that 10 Association Board members attended the November 28, 2022 Board meeting and, therefore, there was a quorum.

9

Further, in support of its conclusion that a quorum was present at the November 28, 2022 Board meeting, citing Section 5708 of the Law,[9] the trial court concluded:

> Appellants have advanced no credible argument that a quorum may not be established with members voting both in-person and by telephone. Plainly, the Association's [b]y[l]aws do not prohibit the participation of any eligible Board member by telephone. Appellants advance that "there was not a majority of the [B]oard [] present or signatories of the document" and no evidence "of who actually was on the telephone or a consent signed by the members present at the time, which is required under the [Law]. There was [sic] no signed documents by these individuals on the telephone." [R.R. at 91a]. However, Appellants provide no authority that such requirements exist. Instead, consistent with the terms of Section 5708 [of the Law], the Board convened a meeting on November 28, 2022, with [10] of [the 18] Board members in attendance; for purposes of Section 5708 [of the Law], the [2] members that participated in the Board meeting by telephone are deemed to have constituted established presence at the meeting. *See* 15 Pa.C.S.[] § 5708.

---

[9] Section 5708 of the Law provides, in relevant part:

> **(a) Incorporators, directors and members of an other body. --** Except as otherwise provided in the bylaws, one or more persons may participate in a meeting of the incorporators, the board of directors or an other body of a nonprofit corporation <u>by means of conference telephone or other electronic technology by means of which all persons participating in the meeting can hear each other. Participation in a meeting pursuant to this subsection shall constitute presence in person at the meeting</u>.

> **(b) Members.** Except as otherwise provided in the bylaws, the presence or participation by a member, including voting and taking other action, at a meeting of members <u>by conference telephone or other electronic technology constitutes the presence of, or vote or action by, the member for the purposes of this subpart</u>.

15 Pa.C.S. § 5708 (underline emphasis added).

10

Trial Ct. Op. at 7-8. This Court agrees that Appellants have offered no authority to support their assertion that the Law or the Association's bylaws require written consent by telephone participants. Further, J.Y. Mai's credited testimony is substantial record evidence that two Board members participated by telephone in addition to the eight Board members present at the November 28, 2022 Board meeting as permitted under Section 5708 of the Law. Thus, the trial court did not err by concluding that a quorum existed at the November 28, 2022 Board meeting.

**Notice**

Appellants next assert that the November 21, 2022 Board meeting and, by extension, the November 28, 2022 Board meeting were not properly noticed, and, therefore, the trial court should have found the Board's actions to be invalid.

Section 5702(a) of the Law provides for notice as follows:

**(1)** Any notice required to be given to any person under the provisions of this subpart or by the articles or bylaws of any nonprofit corporation shall be given to the person either **personally or by delivering a copy** thereof:

**(i)** By first class or express mail, postage prepaid, or courier service, charges prepaid, to the person's postal address appearing on the books of the corporation or, in the case of directors or members of an other body, supplied by the person to the corporation for the purpose of notice. Notice under this subparagraph shall be deemed to have been given to the person entitled thereto when deposited in the United States mail or with a courier service for delivery to that person.

**(ii)** By facsimile transmission, e-mail or **other electronic communication to the facsimile number or address for e-mail or other electronic communications** supplied by the person to the corporation for the purpose of notice. Notice under this subparagraph shall be deemed to

have been given to the person entitled thereto when sent.

**(2)** A notice of meeting shall specify the day, hour and geographic location, if any, of the meeting and any other information required by any other provision of this subpart.

15 Pa.C.S. § 5702(a) (text emphasis added).

In addition, Section 5703(b) of the Law provides:

*Notice.* — Regular meetings of the board of directors or other body may be held upon such notice, if any, as the bylaws may prescribe. Unless otherwise provided in the bylaws, written notice of every **special meeting** of the **board of directors or other body shall be given to each director or member of such other body at least five days before the day named for the meeting**. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the board or other body need be specified in the notice of the meeting.

15 Pa.C.S. § 5703(b) (text emphasis added).

J.L. Mai testified relative to the November 21, 2022 Board meeting notice:

Q. Does your signature appear on [the notice of Board meeting]?

A. Yes.

Q. What date did you sign that notice?

A. November 15, 2022.

Q. Okay.

What, if anything did you do with this notice when you signed it on November 15, 2022?

A. So I post [sic] it on the board on the second floor of the [A]ssociation building.

. . . .

12

Q. So you posted this notice in Chinese on the [A]ssociation bulletin board on November 15, 2022; correct?

A. Yes.

R.R. at 71a-72a. Association Secretary J.Y. Mai also stated:

Q. And did you serve this notice on any [B]oard members?

A. The first step, I sent the notice to the eight members of director [sic] through the WeChat, W-E-C-H-A-T, a Chinese app similar to Messenger.

R.R. at 77a. In addition, J.Y. Mai confirmed that he gave notice to those Board members who ultimately did not appear at the meeting either in person, by telephone, or by mail. *See* R.R. at 77a-78a.

The trial court credited J.Y Mai's testimony and found that he had made appropriate and timely notice of the November 21, 2022 Board meeting to the Board members when it concluded: "[J.Y. Mai] competently testified that he sent the notice on November 15, 2022 -- six days before the scheduled Board meeting -- through methods (WeChat. Mail, personal notice) that are permitted under the [L]aw." Trial Ct. Op. at 11; *see also id*. at 13.

With respect to Appellants' challenge of the November 28, 2022 Board meeting notice, J.Y. Mai testified that at the November 21, 2022 Board meeting, the meeting was adjourned for lack of a quorum and rescheduled to November 28, 2022. *See* R.R. at 79a. Section 5702(b) of the Law states:

> **When a meeting of members is adjourned**, **it shall not be necessary to give any notice of the adjourned meeting** or of the business to be transacted at an adjourned meeting, **other than by announcement at the meeting at which the adjournment is taken**, unless the board or other body fixes a new record date for the adjourned meeting or this subpart requires notice of the business to be transacted and such notice has not previously been given.

13

15 Pa.C.S. § 5702(b) (emphasis added); *see also Commonwealth ex rel. v. Fleming*, 23 Pa. Super. 404, 409 (1903) ("**An adjourned meeting is the continuation of the stated meeting**. Members are not entitled to notice of the time of an adjourned meeting. **They are presumed to have notice**.") (emphasis added). Based on J.Y. Mai's testimony, the trial court found that the Association complied with Section 5702(b) of the Law when it adjourned the properly-noticed November 21, 2022 Board meeting due to the lack of a quorum and continued it to November 28, 2022, when there was a quorum.

As fact-finder, the trial court was empowered to credit the witnesses' testimony which established timely and proper service of the meeting notice upon the Association's members. "[I]t is not our task to second guess the fact-finder." *Pa. State Police v. Pa. Hum. Rels. Comm'n*, 583 A.2d 50, 54 (Pa. Cmwlth. 1990). Accordingly, the trial court correctly held that proper notice was given for the November 21, 2022 Board meeting and, by extension thereof, when the November 21, 2022 Board meeting was adjourned for lack of a quorum, the November 28, 2022 Board meeting was properly noticed and the Board's actions on November 28, 2022, were valid.

**Conclusion**

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

14

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shui Pui Mark, Jian Lun Mai,      :
Bing Yan NG and Jian Yong Mai      :
     :
v.      :
     :
Hei Chit Chung, Mei Qiawen,      :    No. 1455 C.D. 2023
         Appellants      :

## O R D E R

AND NOW, this 18th day of November, 2025, the Philadelphia County Common Pleas Court's order dated November 6, 2023 (exited November 7, 2023) is affirmed.

_____
ANNE E. COVEY, Judge